SIGNED THIS: May 18, 2012

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHRISTOPHER J. MEREDITH, ) | Bankruptcy Case No. 11-90525 |
| ) | |
| Debtor. ) | |
| | |
| FLORA WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 11-9058 |
| ) | |
| CHRISTOPHER J. MEREDITH, ) | |
| MELISSA MEREDITH, ) | |
| OLIE BRAWNER, and ) | |
| VERNA BRAWNER, ) | |
| ) | |
| Defendants. ) | |

OPINION

This matter having come before the Court for trial on an Amended Complaint, Answer to Amended Complaint, Motion to Avoid Judicial Lien on Real Estate, and Objection to Motion to Avoid Judicial Lien on Real Estate; the Court, having heard sworn testimony and arguments

of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The Debtor, Christopher J. Meredith, filed for relief under Chapter 7 of the Bankruptcy Code on March 27, 2011, scheduling the Plaintiff, Flora Wood, as an unsecured creditor on Schedule F of his bankruptcy petition. On May 24, 2011, the Debtor/Defendant filed a Motion to Avoid Judicial Lien on Real Estate seeking to avoid a recorded judicial lien filed by Plaintiff, Flora Wood, against real estate owned by the Debtor/Defendant located at 411 North Eighth Street, Watseka, Illinois. On June 28, 2011, Plaintiff, Flora Wood, filed the instant adversary proceeding consisting of three counts, two to set aside fraudulent transfers and one objecting to the discharge of the Debtor/Defendant pursuant to the provisions of 11 U.S.C. §§ 727(a)(2)(A). A trial was held on these matters on December 13, 2011, with the parties being directed to submit their closing arguments in writing. All closing arguments have now been submitted and the matter is ripe for a decision by this Court.

On November 17, 2010, the Plaintiff obtained a final judgment in the amount of $97,164.38, plus costs against Defendant, Christopher J. Meredith, in the Circuit Court of the Twenty-First Judicial Circuit, Iroquois County, Illinois, in an action captioned: "Flora Wood vs. Christopher J. Meredith, Case No. 2008-L-14." On that same day, the Plaintiff recorded a Memorandum of Judgment in the Office of the Recorder of Deeds of Iroquois County, Illinois, based upon the final judgment against the Defendant. As a result of the Memorandum of Judgment, Plaintiff acquired a judicial lien against all of the right, title, and interest of the Defendant, Christopher J. Meredith, in property located in Iroquois County, Illinois, including his residence located at 411 North Eighth Street, Watseka, Illinois.

The facts adduced at trial reveal that two days before the Plaintiff's action in State Court was to be tried, the Defendant, Christopher J. Meredith, and his spouse, Melissa Meredith, unilaterally executed a mortgage in favor of Melissa Meredith's parents, Olie Brawner and Verna

Brawner. The mortgage was purportedly executed to secure monies loaned by the Brawners to the Merediths under a loan agreement dated February 28, 2004. In addition to executing a mortgage in favor of the Brawners, the evidence at trial established that, on the same day as the entry of the Plaintiff's State Court judgment, Defendants, Christopher J. Meredith and Melissa Meredith, executed a quit-claim deed deeding their real estate at 411 North Eighth Street, Watseka, Illinois, to Christopher J. Meredith and Melissa A. Meredith, husband and wife, not as Joint Tenants and not as Tenants in Common, but as Tenants of the Entirety. This quit-claim deed was recorded on the same date that judgment was taken against Defendant, Christopher J. Meredith, by the Plaintiff, Flora Wood. Plaintiff, Flora Wood, contends that both the execution of the mortgage to the Brawners and the execution of the quit-claim deed were fraudulent transfers avoidable under the Uniform Fraudulent Transfer Act in Illinois. Additionally, Plaintiff, Flora Wood, contends that these acts by the Defendants represented an intent to hinder, delay, or defraud the Plaintiff such that discharge should be denied to Debtor/Defendant, Christopher J. Meredith, under the provisions of 11 U.S.C. § 727(a)(2)(A).

## Conclusions of Law

Count I of the Plaintiff's Amended Complaint is brought pursuant to the Uniform Fraudulent Transfer Act of the State of Illinois, in particular, 740 ILCS 160/5 and 160/6. Paragraph 160/5 states:

> § 5. (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

   (b) In determining actual intent under paragraph (1) of subsection (a), consideration may be given, among other factors, to whether:

    (1) the transfer or obligation was to an insider;

    (2) the debtor retained possession or control of the property transferred after the transfer;

    (3) the transfer or obligation was disclosed or concealed;

    (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

    (5) the transfer was substantially all the debtor's assets;

    (6) the debtor absconded;

    (7) the debtor removed or concealed assets;

    (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

    (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

    (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

    (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Paragraph 160/6 under Illinois law states:

   § 6. (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

   (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

At the outset, the Court will note that the testimony of the Defendants, Christopher J.

Meredith and Olie Brawner, as to the execution of the mortgage from the Merediths to the

Brawners was not credible. In considering the Defendants' testimony, their demeanor, and how their answers to questions related to other evidence at trial, it was clear that the Defendants' testimony was self-serving and vague. Both Defendants had an obvious interest in preserving the equity in the residence located at 411 North Eighth Street, Watseka, Illinois, as against the Plaintiff's claimed interest.

In examining the factors set out in 740 ILCS 160/5(b), the Court finds that the following factors are clearly present in this case: (1) the execution of the mortgage to the Brawners was clearly to insiders; (2) Debtor/Defendant, Christopher J. Meredith, retained possession and control of the real estate after the execution of the subject mortgage; (3) prior to the execution of the mortgage Debtor/Defendant, Christopher J. Meredith, had been sued by the Plaintiff, Flora Wood, in State Court; (4) the execution of the mortgage effectively transferred substantially all of Debtor/Defendant's assets; (5) Debtor/Defendant, Christopher J. Meredith, was clearly insolvent at the time of the transfer; and (6) the execution of the mortgage occurred within two days of the date that the Plaintiff's State Court lawsuit was set for trial.

In addition to the six factors noted above under 740 ILCS 160/5(b), the Court finds that the facts surrounding the execution of the mortgage to the Brawners supports an actual intent to defraud the Plaintiff, Flora Wood, in that the original loan agreement between the Merediths and the Brawners dated back to February 28, 2004, where Defendants, Christopher J. Meredith and Melissa Meredith, agreed to pay Defendants, Olie Brawner and Verna Brawner, the sum of $75,000 in $550 monthly payments for ten months per year, beginning on April 2, 2006. There was no interest being charged in this loan agreement, and there was no mortgage to be executed at the time of the agreement. The undisputed facts reveal that the Merediths made only sporadic payments under the February 28, 2004, loan agreement, yet no action was taken by the Brawners to enforce the loan agreement over a period of several years. The execution of the mortgage was done by the Merediths unilaterally and not as a result of a request of the Brawners in an effort to enforce the original loan agreement which had clearly been in default for a substantial period of

time. Given the clear, undisputed facts and the application of the six factors under 740 ILCS 160/5(b), the Court must find that the Plaintiff has proven that the execution of the mortgage from the Merediths to the Brawners was done with actual intent to hinder, delay, or defraud Plaintiff, Flora Wood.

In addition to finding that the Plaintiff has proven actual intent to hinder or defraud pursuant to 740 ILCS 160/5, the Court also finds that the Plaintiff has proven that the execution of the mortgage from the Merediths to the Brawners was fraudulent under the provisions of 740 ILCS 160/6, in that, Debtor/Defendant, Christopher J. Meredith, executed the mortgage in question in favor of insiders, his in-laws, for an antecedent debt at a time when Debtor/Defendant, Christopher J. Meredith, was clearly insolvent and at a time when the Brawners, as insiders, had reasonable cause to believe that Debtor/Defendant, Christopher J. Meredith, was, in fact, insolvent. At the time of execution of the mortgage in question, the undisputed facts indicate that the Debtor/Defendant, Christopher J. Meredith, had assets of only about $66,275 and liabilities in excess of $231,000. Thus, under the provisions of both 740 ILCS 160/5 and 160/6, the Court finds that the execution of the mortgage from the Defendants, Meredith, to Defendants, Brawner, was a fraudulent transfer that should be avoided in its entirely in favor of Plaintiff, Flora Wood, pursuant to the provisions of 740 ILCS 160/8.

Under Count II of the Plaintiff's Amended Complaint, the Plaintiff seeks to avoid as a fraudulent transfer Defendants', Christopher J. Meredith and Melissa Meredith's, execution of a quit-claim deed conveying their real estate located at 411 North Eighth Street, Watseka, Illinois, to themselves as Tenants of the Entirety. The quit-claim deed in question was recorded on the same date that judgment was taken against Defendant, Christopher J. Meredith, on November 17, 2010.

Tenants by the entirety is provided for under the provisions of 765 ILCS 1005/1(C). Tenancy by the entirety can only be used by a husband and wife for their homestead property. Pursuant to 735 ILCS 5/12-112, real estate held in tenancy by the entirety is protected from being

6

sold upon judgment that is entered against only one of the tenants. In the instant case, Plaintiff's judgment is only against Defendant, Christopher J. Meredith, and, as such, the transfer of Defendants' real estate into tenancy by the entirety exempts the entire homestead from the Plaintiff's judicial lien and sale. Thus, if the entire homestead of the Defendants, Merediths, is exempted, there are no assets available to pay the Plaintiff's State Court judgment.

735 ILCS 5/12-112 provides that:

> . . . Any real property, or any beneficial interest in a land trust, held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants, *except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due.* (emphasis added.)

The evidence in this case establishes that the sole intent of Defendants, Merediths, transferring of the title into Tenancy by the Entirety was to avoid paying the debt of the Plaintiff. The only reason given by Defendant, Christopher J. Meredith, for the quit-claim deed transfer was that he did so upon the advice of his attorney who was handling the State Court litigation initiated by Plaintiff, Flora Wood. The reason given by the Defendant, Christopher J. Meredith, is not credible and is belied by the fact that the quit-claim deed transfer occurred on the very same day that judgment was entered against him in the Plaintiff's State Court proceeding. The facts of the instant case are very similar to the facts found in LaSalle Bank, N.A. v. DeCarlo, 336 Ill.App.3d 280, 783 N.E.2d 211 (2nd Dist. 2003), in which the Illinois Appellate Court held that the reasons given in that case for the transfer were vague, inarticulate, and specious, and that the evidence there showed that the sole intent of the transfer was to avoid payment of debts existing at the time of the transfer. The facts of this case fit squarely into the facts of the DeCarlo case, and this Court finds that it is clear that the sole intent behind the transfer at issue was to avoid any collection efforts by Plaintiff, Flora Wood. Thus, this Court finds that the transfer by Defendants, Merediths, of the real estate located at 411 North Eighth Street, Watseka, Illinois, into Tenancy by the Entirety, must be set aside and voided to allow Plaintiff, Flora Wood, to enforce her judicial lien against the real estate.

7

Under Count III of the Amended Complaint, Plaintiff seeks to have Debtor/Defendants' discharge denied under the provisions of 11 U.S.C. § 727(a)(2)(A), which states:

(a) The court shall grant the debtor a discharge, unless . . .

(2) the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed -

(A) property of the debtor, within one year before the date of the filing of the petition; . . .

To prevail under Count III of the Amended Complaint, the Plaintiff must prove that the Debtor/Defendant, Christopher J. Meredith: (1) concealed or transferred, (2) his property or property of the estate, (3) with the intent to hinder, delay, or defraud the Plaintiff, (4) within one year of the bankruptcy filing or after the case was filed. See: In re Kontrick, 295 F.3d 724, at 736 (7th Cir. 2002); Village of San Jose v. McWilliams, 284 F.3d 785, at 791 (7th Cir. 2002). The burden of proof is upon the Plaintiff to prove each element of 11 U.S.C. § 727(a)(2)(A) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991); In re Scott, 172 F.3d 959 (7th Cir. 1999).

As is generally the case, the Debtor/Defendant, Christopher J. Meredith, denies that he acted with intent to defraud the Plaintiff. Because the actual intent of a person is hard to prove absent an admission, the intent to hinder, delay, or defraud may be proven through circumstantial evidence. See: Village of San Jose, supra, at 791.

In the instant case, all of the credible circumstantial evidence supports a finding that the Debtor/Defendant, Christopher J. Meredith, acted with the intent to hinder, delay, and defraud the Plaintiff by executing a mortgage in favor of his in-laws and by transferring his real estate to himself and his spouse as Tenants by the Entirety. The explanations offered by the Debtor/Defendant, Christopher J. Meredith, and by Defendant, Olie Brawner, as to the transfers at issue were not credible. The circumstantial evidence in this case clearly establishes that it was the intent of the Defendants to shield the equity in the Watseka, Illinois, real estate from

8

attachment by the Plaintiff. The transfers in question took place within one year of the Debtor's filing for Chapter 7 bankruptcy relief, and, as such, the Court must find that the Plaintiff has proven all of the necessary elements under 11 U.S.C. § 727(a)(2)(A) to deny the discharge of Debtor/Defendant, Christopher J. Meredith.

###